IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 22-cr-00321-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    TIMOTHY BENJAMIN ANDERSON,

    Defendant.

## ORDER ON MOTION FOR EARLY TERMINATION OF PROBATION

This matter is before the Court on the letter submitted by Timothy Benjamin Anderson ("Mr. Anderson") wherein he requests early termination of his probationary sentence (the "Motion" or "Motion for Early Termination of Probation"). [Doc. 6]. For the reasons set forth in this Order, the Motion for Early Termination of Probation is respectfully **DENIED without prejudice**.

## BACKGROUND

On September 1, 2020, Mr. Anderson was charged in the United States District Court for the Northern District of Iowa with one count of possession of firearms by a drug user in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). [Doc. 3-1 at 1–2]. Mr. Anderson pleaded guilty to that offense. [Doc. 1-1 at 1]. On June 29, 2022, Mr. Anderson was sentenced by the Honorable C.J. Williams to a five-year term of probation, [*id.* at 1–2], and he has since completed approximately half of his sentence. Jurisdiction over Mr. Anderson's probation was transferred to this District on October 17, 2022. [Doc. 1 at 1].

On October 30, 2024, Mr. Anderson filed his Motion for Early Termination of Probation, asking the Court to terminate the remainder of his sentence. *See* [Doc. 6]. The United States Probation Office does not oppose Mr. Anderson's request, *see* [Doc. 11 at 2], but the Government opposes early termination, *see generally* [Doc. 10]. Mr. Anderson did not file a reply brief and the time to do so has expired.

## LEGAL STANDARD

By statute, a court may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).  In so doing, the court must "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.*  Stated differently, a court may terminate a probationer's term early "*only if* the following three requirements are met:  (1) early termination is warranted by 'the interest of justice;' (2) early termination is warranted by 'the conduct of the defendant;' *and* (3) early termination would be consistent with the applicable § 3553(a) factors." *United States v. Rader*, No. 22-cr-00057-RCL, 2024 WL 474535, at *2 (D.D.C. Feb. 7, 2024) (emphasis added); *see also United States v. Haley*, 500 F. Supp. 3d 6, 7 (W.D.N.Y. 2020) ("[P]ursuant to the express terms of § 3564(c), . . . the applicable factors set forth at 18 U.S.C. § 3553(a) *must* be considered, *and* the court *must* be satisfied that the early termination of probation 'is warranted by the conduct of the defendant and the interest of justice.'" (quoting 18 U.S.C. § 3564(c)) (emphasis added)).

Under § 3553(a), a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, considering the following factors, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

[and]

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission . . . subject to any amendments made to such guidelines by act of Congress . . .; and

(ii) that . . . are in effect on the date the defendant is sentenced[.]

18 U.S.C. § 3553(a). Whether to grant a motion to terminate probation is within the trial court's discretion. *United States v. Hartley*, 34 F.4th 919, 928 (10th Cir. 2022).

## ANALYSIS

As mentioned above, Mr. Anderson has completed approximately half of his five-year probationary sentence and now asks the Court to terminate the remainder of the sentence. [Doc. 6 at 3]. In his Motion, Mr. Anderson first details the circumstances that

led to his arrest and conviction. [*Id.* at 1–2]. Then, he explains the reasons behind his request for early termination. Specifically, he explains that he is the primary caregiver of his disabled adult son and that his probationary sentence, and all of the attendant requirements, have caused great stress in his life and his son's life. [*Id.*]. He asserts that if his probation is terminated, such that he is no longer subject to home visits from the Probation Office and his location is no longer tracked by the Probation Office, then a substantial amount of stress will be eliminated from his and his son's lives. [*Id.* at 3]. Mr. Anderson also represents that he wishes to move to California, where his employer is located, with his son. [*Id.* at 2–3]. He asks the Court to terminate his probation "so [he] may ultimately move to Southern California without the added stress of transferring [his] probation to California." [*Id.* at 3].

The Government opposes early termination. *See* [Doc. 10]. It asserts that "it is significant that the defendant's entire sentence was a term of probation, with no term of custody," and argues that this Court should not disturb the sentence that was deemed sufficient and appropriate by the sentencing judge. [*Id.* at 3]. In addition, noting that Mr. Anderson was convicted of a state DUI offense in October 2022, it argues that "[t]he fact that the defendant drove under the influence a mere 11 days after transferring his federal supervision to Colorado" is "alarming." [*Id.*]. Conversely, the Probation Office supports Mr. Anderson's request for early termination. *See* [Doc. 11]. The Probation Office represents that Mr. Anderson's Post-Conviction Risk Assessment category is "Low Moderate" and that offenders in this category "have a seventeen percent re-arrest rate and a six percent revocation rate in the next twelve months of supervision." [*Id.*]. However, the Probation Office also notes Mr. Anderson's positive conduct while on

supervision and his lack of other criminal history. [*Id.* at 1]. The Probation Office states that since his state conviction, Mr. Anderson has been a law-abiding citizen and is motivated not to return to prison. [*Id.*].

As explained above, to justify terminating a probationary sentence early, the Court must find that early termination is (1) in the interest of justice; (2) warranted by Mr. Anderson's conduct; and (3) consistent with the applicable § 3553(a) factors. *Rader*, 2024 WL 474535, at *2.

The Court first considers Mr. Anderson's conduct. One of the conditions of Mr. Anderson's probation is that he "must not commit another federal, state, or local crime." [Doc. 1-1 at 3]. Mr. Anderson violated this condition when he was convicted of a state DUI offense in October 2022. *See* [Doc. 11 at 1]. The Court notes that Mr. Anderson was sentenced to probation for that offense and that his state-court probationary sentence was terminated early. *See* [*id.*]. The Court also notes that Mr. Anderson has since been compliant with his conditions of probation. [*Id.*]. However, compliance with conditions of probation is an insufficient basis to terminate that probation. *See United States v. Hemphill*, No. 21-cr-00555-RCL, 2024 WL 578977, at *2 (D.D.C. Feb. 13, 2024) ("[C]ourts have typically held that defendants seeking early termination under § 3564(c) must demonstrate more than just compliance with the terms of probation." (collecting cases)); *United States v. Frankel*, No. 2:17-cr-00242-JFC, 2022 WL 17852029, at *5 (W.D. Pa. Dec. 22, 2022) ("Compliance with the conditions of probation . . . is *required* behavior while serving a term of supervised release."). Accordingly, although the Court commends Mr. Anderson for his compliance with his conditions over the past two years, in light of his

5

DUI conviction, the Court cannot conclude that his conduct weighs strongly in favor of early termination.

The Court next considers whether early termination is in the interest of justice. "The 'interest of justice' phrase . . . 'give[s] the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period,' . . . or in this case, probation period." *Hemphill*, 2024 WL 578977, at *4 (quoting *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)). Mr. Anderson explains to the Court the circumstances surrounding his underlying conviction and the stress caused by his conditions of probation, including the detrimental impact of that stress to his son's wellbeing. *See* [Doc. 6 at 1–2]. The Court also acknowledges Mr. Anderson's desire to move to California without transferring his jurisdiction to another state. [*Id.* at 3]. The Court does not doubt or discount the inconvenience caused by Mr. Anderson's sentence and the accompanying requirements. However, "all defendants who are convicted of a federal felony suffer some degree of hardship." *United States v. Cotter*, No. 2:09-cr-00190-GD, 2014 WL 1653106, at *2 (W.D. Pa. Apr. 23, 2014). The stressful conditions Mr. Anderson mentions—the home visits and location tracking—are standard conditions of probation that are natural consequences of committing a federal felony offense. Moreover, Mr. Anderson's desire to move to California is not a sufficient basis to terminate his probation early. *See Frankel*, 2022 WL 17852029, at *5 (finding that the defendant's desire to relocate to California did not justify early termination, as "[t]he probation officer w[ould] . . . be able to request the transfer of supervision to a federal district in California to the extent [the defendant] desire[d] to relocate").

6

It is also material to this Court's analysis that Mr. Anderson is not serving a period of supervised release after a period of incarceration—the five-year term of probation *is* his sentence. *See Hartley*, 34 F.4th at 923 n.1 ("Unlike supervised release, which is imposed in addition to imprisonment, probation is imposed in lieu of imprisonment." (quotation omitted)). In this circumstance, "[t]he interest of justice might arguably *disfavor* early termination, because that would result in the defendant ultimately receiving an amount of punishment less than what [Judge Williams] initially found appropriate under the § 3553(a) factors." *Hemphill*, 2024 WL 578977, at *4.

Finally, the Court turns to the applicable § 3553(a) factors. The Court does not believe that there is any significant concern about protecting the public from Mr. Anderson or deterring Mr. Anderson from committing additional offenses, given his general lack of criminal history and general compliance with the terms of his probation. *See* 18 U.S.C. § 3553(a)(2)(B)–(C). However, the Court must also consider the applicable sentencing range and whether the sentence imposed reflects the seriousness of the offense. *Id.* § 3553(a)(2)(A), (a)(4)(A). The Presentence Investigation Report states that the applicable guideline sentencing range was 24 to 30 months' imprisonment. [Doc. 2 at 16]. Mr. Anderson was not sentenced to a term of imprisonment, but to five years' probation. Judge Williams, who presided over Mr. Anderson's criminal case, clearly decided that a five-year probationary sentence was sufficient, but not greater than necessary, to satisfy the requirements of § 3553(a)(2), and the Court is not convinced that it should disturb that determination. *See United States v. Pryer*, No. 21-cr-00667-RCL-2, 2024 WL 1050638, at *6 (D.D.C. Mar. 11, 2024) (denying motion for early termination of probation because, among other things, "early termination would prevent

[the defendant] from completing the punishment the Court deemed appropriate when imposing her sentence"), *appeal docketed*, No. 24-3037 (D.C. Cir. Mar. 18, 2024).

For all of these reasons, the Court respectfully concludes that early termination of Mr. Anderson's probation is not warranted at this time. The Motion for Early Termination of Probation is therefore **DENIED without prejudice**. Should Mr. Anderson successfully complete a greater portion of his five-year sentence, he may file a renewed motion explaining why early termination is appropriate at that time in the jurisdiction that governs his supervision.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1) The Motion for Early Termination of Probation [Doc. 6] is **DENIED without prejudice**; and

(2) A copy of this Order shall be sent to:

Timothy Benjamin Anderson
870 Quail Lake Circle, Apt. 202
Colorado Springs, CO 80916

DATED: January 8, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge